(The opinion in McDowell v. R. R. (next above) controls the disposition of this appeal.) *Page 505 
The facts in this case are substantially like those in McDowell (730)v. R. R., ante, 721. The deed executed to the defendant by plaintiff and wife contained the same condition as set out in the McDowellcase. The same proceedings were had, the parties entering into an agreed state of facts as in that case. The facts in this case, in respect to the performance of the condition, are as follows: "About 1 May, 1906, the defendant entered upon and occupied the strip of land through and over said described tract for railway purposes, and on 23 May, 1906, about one-half the grading of said road had been done, and the work of grading, except surfacing, was finished on 16 June, 1906, but no ties nor track were laid upon said land until August, 1906, after the commencement of this action. The plaintiffs, soon after 23 May, 1906, notified the contractors at work on said land not to do any more work thereon, and petitioners instituted this condemnation proceeding on 21 July, 1906. About 50 per cent of the work of grading of said entire line of railway from the Georgia State line to Franklin had been done on 23 May, 1906, and about 75 per cent of the grading between the Georgia State line and Prentiss, a station on said railway, 5 miles from Franklin, had been done on said date. The land of the plaintiffs is situated about 1 mile from Prentiss and between that station and the Georgia line. No track nor ties had been laid upon any part of said line of railway, nor had any part of the grading been completed, ready for the ties and track, upon said 23 May, 1906; but parts or sections of the grade on said line had been approximately built, ready for the surfacing or subgrading necessary for exact grade. The first contract for the grading of said road was let in the year 1905, and work was begun upon said contract about May, 1905, and has been continually in progress since. The track was laid and train service inaugurated to Prentiss station, above mentioned, on 29 August, 1906."
The court, upon the agreed facts, appointed commissioners to (731) go upon that portion of plaintiffs' land occupied by the defendant and assess their damages. Upon the coming in of the report, after hearing exceptions thereto, judgment was duly rendered in the Superior Court, at a regular term, condemning for defendant's use a right of way over plaintiffs' land and assessing the damages therefor. Defendant excepted and appealed.
There are several assignments of error in the record, but they are all involved in the two contentions argued in this Court:
1. That, in the light of the facts agreed upon, there has been no forfeiture by defendant. *Page 506 
2. That if there has been such forfeiture at law, upon the allegations in the answer and the facts agreed upon the defendant is entitled to be relieved therefrom by a court of equity.
After stating the case: The decision in McDowell v. R. R., ante, 721, controls the disposition of this appeal. The only difference between the two cases is found in the fact that "about 1 May, 1906, defendant entered upon and occupied the strip of land through and over said described tract for railway purposes, and on 23 May about one-half the grading of said road had been done." We do not think that this act of the defendant substantially complies with the condition in the deed. In all other respects the two cases are conceded to be alike.
For the reasons set forth and upon the authorities cited in the opinion in that case, the judgment herein must be
Affirmed.
(732)